IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02694

PHILIP BOATENG,
                      Plaintiff

v.

CHIEF NICHOLAS METZ, in his official and individual capacity,
SERGEANT JEFFREY LONGNECKER , in his official and individual capacity,
AURORA POLICE DEPARTMENT, and
CITY OF AURORA

                      Defendants

---

**COMPLAINT
AND JURY DEMAND**

---

Plaintiff, by and through his attorney, Kristina M. Bergsten, hereby file this Complaint and Jury Demand against the above named Defendants.

## I. INTRODUCTION

1. Plaintiff brings this Civil Rights Action pursuant to 42 U.S.C. §§ 1983 and 1988 for relief through compensatory, exemplary and punitive damages, and attorney's fees stemming from Defendants' violations of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

2. Defendants' conduct was under color of state law and such conduct, jointly and severally, directly and proximately caused the deprivation of Plaintiff's federally and state protected rights; Plaintiff seeks relief through compensatory, exemplary, and punitive damages, and attorney's fees.

3. This action arises under the Constitution and laws of the United States including Article III, Section 1 of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

## II. JURISDICTION

4. Jurisdiction is proper in the District of Colorado pursuant to 42 U.S.C. §§ 1983 and 1988 and under the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Jurisdiction is conferred on the Court pursuant to 28 U.S.C. § 1331 and 1343.

6. Jurisdiction for attorney's fees and costs is found at 42 U.S.C. § 1988.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391.

8. This is a civil rights action for damages and attorney's fees arising under 42 U.S.C. §§ 1983 and 1988, stemming from Defendants' violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## III. PARTIES

9. At all times material hereto, Plaintiff Philip Boateng was an individual and a resident of Colorado, residing at 978 S. Blackhawk Street, #204, Aurora, Colorado 80012.

10. At all times material hereto, Defendant, Chief Nicholas Metz (hereafter, "Metz"), was duly appointed and sworn as Chief of Police of Defendant APD and is the lead supervisory agent of Defendant Sergeant J. Longnecker and was acting under color of state law in his capacity

as a law enforcement officer by the Defendant City of Aurora and/or of the Aurora Police Department with a principal address of 15001 E. Alameda Parkway, Aurora, CO 80012.

11. At all times material hereto, Defendant, Sergeant Longnecker (hereafter, "Longnecker"), was duly appointed and sworn as a Sergeant with Defendant APD and was acting under color of state law in his capacity as a law enforcement officer by the Defendant City of Aurora and/or of the Aurora Police Department with a principal address of 15001 E. Alameda Parkway, Aurora, CO 80012.

12. At all times material hereto, Defendant City of Aurora (hereafter, "the City") is a Colorado Municipal Corporation and is the legal entity responsible for itself and for the Aurora Police Department and is located at 15001 E. Alameda Parkway, Aurora, CO 80012, and is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. §§ 1983, 1986, and 1988.

13. At all times material hereto, Defendant Aurora Police Department (hereafter, "APD") located at 15001 E. Alameda Parkway, Aurora, CO 80012, and is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. §§ 1983, 1986, and 1988.

## IV. GENERAL ALLEGATIONS

14. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein the allegations contained above.

15. On November 12, 2017 at approximately 6:20pm, Plaintiff was on his way to work; he left his home at his usual time and took his usual route: North on Potomac Street from 6th Avenue, and West on Colfax Avenue to University Hospital.

16. He parked his car in the usual parking lot (Parking Lot 4) at his usual time: 6:23pm.

17. He exited his vehicle, a black BMW SUV with a license plate of QXK 512, walked into his building, and clocked in to work at his usual time: 6:28pm.

18. On this same date and time (November 12, 2017 at 6:23pm), Defendant Longnecker was in the 900-1000 block of Potomac Street and observed a blue BMW SUV with Colorado license plate KYX 512.

19. While Plaintiff was at work, at 6:26pm, Defendant Longnecker and two other Aurora Police Officers immediately pulled into Parking Lot 4 and proceeded to tow Plaintiff's vehicle.

20. Plaintiff finished his "night shift" at University Hospital, clocked out, and went to the parking lot to get in his car and go home.

21. Plaintiff could not find his car when he exited his building.

22. Plaintiff called the University Police to report his car missing; University Police Officer Trieu investigated the situation and advised Plaintiff that his car had been towed by Defendant Longnecker.

23. Plaintiff made several phone calls to Defendant Longnecker.

24. Lt. Hildebrand took Plaintiff's messages and said he would pass them on to Defendant Longnecker.

25. Eventually, a few days after Plaintiff's car was towed, Plaintiff called Defendant Longnecker's supervisor, Lt. Hildebrand who advised he would reach out to Defendant Longnecker. Eventually, Defendant Longnecker called Plaintiff back.

26. During this conversation, Defendant Longnecker accused Plaintiff of speeding, eluding a police officer, drinking and driving, being on drugs, and lying to Defendant Longnecker about all of these things.

27. Plaintiff politely denied Defendant Longnecker's accusations and asked why his vehicle was towed and how he could get it back since he did not commit any crimes.

28. Defendant Longnecker continued to accuse Plaintiff of lying and demanded personal information that was unnecessary to Defendant's supposed investigation, such as Plaintiff's social security number (which Defendant Longnecker claimed he needed to verify Plaintiff's ownership, even though Plaintiff told him he owned the vehicle and Defendant Longnecker already verified that with the DMV), which Plaintiff declined to provide.

29. Plaintiff provided his name, date of birth, and address.

30. Defendant Longnecker stated that if Plaintiff did not give his social security number, then he would not get his car back and the car would remain at the impound until Longnecker returned to work one (1) week later. Defendant Longnecker again accused Plaintiff of being a "liar."

31. Plaintiff advised that the vehicle Defendant Longnecker towed was his vehicle and the corresponding address was also Plaintiff's address.

32. Defendant Longnecker stated that the only way Plaintiff could get his vehicle back was if he met with Defendant that night; Plaintiff advised he wanted to speak to an attorney because he did not commit any crimes.

33. Defendant responded that he would not release Plaintiff's vehicle from impound until Defendant was back in the office the following week.

34. Plaintiff asked if there were other days he was working so that he could get his vehicle back sooner and Defendant repeated that he would only release the vehicle if Plaintiff met with him when he was back at his desk the following week.

35. Defendant Longnecker further advised that he would put a note in the system so that no one else could release the vehicle to Plaintiff, either.

36. Defendant Longnecker charged Plaintiff with C.R.S. § 42-4-1402(1)(2)(a), careless driving; §42-4-1101(1), speeding; and § 42-4-1413, eluding police.

37. Defendant Longnecker did not have any lawful reason to tow Plaintiff's vehicle.

38. Plaintiff's vehicle was not obstructing traffic or interfering with highway maintenance; nor did Plaintiff or his vehicle fall under any of the enumerated considerations that an Aurora Police Officer may, in his/her discretion, tow a vehicle. *See*, Aurora Municipal Code § 134-37(a)(1)-(21).

39. Defendant Longnecker, in his police narrative, stated the reason he impounded the vehicle was so he could meet with Plaintiff in person to verify his identity.

40. However, Plaintiff already advised the car belonged to him and provided identifying information that matched what Defendant Longnecker already found via the DMV.

41. On November 14, 2018, Counsel for Plaintiff contacted Defendant Metz to get Plaintiff's car released based on an improper seizure under the 4th Amendment of the United States Constitution.

42. Instead, Plaintiff's Counsel was contacted by City Attorney Nancy Rogers who advised that Defendant Metz stated he would not agree to release the car and "he is not in the business of second-guessing his officers," so the car would remain impounded.

43. On December 6, 2017, Aurora Municipal Judge Cynthia Mares found the tow and impound of Plaintiff's car to be improper and ordered the car released.

44. Plaintiff was wrongfully prosecuted in the Arapahoe County District Court for the aforementioned charges because Defendants Longnecker, Metz, Aurora Police Department, and City of Aurora did not have any lawful reason to charge and prosecute Plaintiff with C.R.S. § 42-4-1402(1)(2)(a), careless driving; §42-4-1101(1), speeding; and § 42-4-1413, eluding police.

45. Defendant Longnecker chose to wrongfully charge Plaintiff and unnecessarily tow his car because of the color of Plaintiff's skin.

46. Defendants Metz, Aurora Police Department, and City of Aurora supported Defendant Longnecker's actions (even though a logical review of what he had done necessitated dismissal of the charges and the return of Plaintiff's car) because Defendants have a history and unwritten policy of racially profiling Aurora citizens and wrongfully charging them or over-charging them with crimes because of the dark pigmentation of their skins; Plaintiff is one Aurora citizen in a long line who has been racially profiled and discriminated.

47. On May 29, 2018, the District Attorney's Office dismissed all charges against Plaintiff after a review of the evidence provided by Defendant Longnecker, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

48. As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, and mental and emotional distress caused by the unconstitutional concerted conduct of all of these Defendants.

49. Plaintiff is deeply disturbed by the willfully wanton and reckless conduct of Defendants that directly caused violations of his Constitutional Rights.

50. Plaintiff is also entitled to punitive damages on all of his claims against Defendants personally to redress their willful, malicious, wanton, reckless, and fraudulent conduct.

51. Plaintiff will be irreparably harmed if judgment is not entered for Plaintiff and against Defendants.

## V. FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. 1981
(Against all Defendants)

52. Plaintiff hereby alleges and incorporates by reference as though fully set forth herein the allegations contained above.

53. Section 1983 of The Civil Rights Act states, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

54. Plaintiff in this action is a citizen of the United States and all Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

55. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law.

56. At the time of the complained of events, Plaintiff had the following clearly established constitutional rights:

    a. The right to be free from unreasonable seizures of his property, under the Fourth Amendment;

    b. The right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

    c. The right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and

    d. The right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

57. Defendants Longnecker, Metz, Aurora Police Department, and City knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

58. The acts or omissions of these Defendants, as described herein, deprived Mr. Boateng of his constitutional and statutory rights and caused him other damages.

59. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

60. Defendants are not entitled to qualified immunity for the complained of conduct.

61. Defendants Longnecker, Metz, Aurora Police Department, and City of Aurora were, at all times relevant, policymakers for the City and the Police Department and in that capacity established policies, procedures, customs, and/or practices for the same.

62. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Boateng's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

63. Defendant Whitman and Defendant City have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

64. In light of the duties and responsibilities of those police officers that participate in arrest and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

65. The deliberately indifferent training and supervision provided by Defendants City and Metz resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants City and Metz and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

66. Defendants are not entitled to qualified immunity for the complained of conduct.

67. As a proximate result of Defendants' unlawful conduct, Plaintiff suffered actual mental and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

68. Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

69. In addition to compensatory, economic, consequential and special damages, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above-described ongoing deliberate indifference in policies, practices, habits, customs, usages, training, and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the Aurora Police Department for failing to investigate or appropriately handle complaints of the same, which Defendants have no intention to voluntarily correct despite obvious need and requests for such correction.

## VI. SECOND CLAIM FOR RELIEF
### Malicious Prosecution
(Against Defendants Longnecker and Metz)

70. Plaintiff hereby alleges and incorporates by reference as though fully set forth herein the allegations contained above.

71. Section 1983 of The Civil Rights Act states, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

72. Plaintiff in this action is a citizen of the United States and all Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

73. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Aurora police officers and their acts or omissions were conducted within the scope of their official duties or employment.

74. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of Due Process under the Fourteenth Amendment.

75. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

76. Individual Defendants violated Mr. Boateng's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in the unlawful seizure of his vehicle and unlawful prosecution.

77. Individual Defendants conspired and/or acted in concert to institute, procure, and continue a criminal proceeding for careless driving, eluding a police officer, and speeding against Mr. Boateng without probable cause.

78. Defendants engaged in the conduct described in this Complaint by willfully, maliciously, in bad faith, and in reckless disregard of Mr. Boateng's federally protected constitutional rights.

79. Those criminal proceedings terminated in Plaintiff's favor; the Prosecutor dismissed the charges without any compromise by Plaintiff, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

80. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

81. These individual Defendants acted in concert and joint action with each other.

82. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

83. Defendants are not entitled to qualified immunity for the complained of conduct.

84. Defendants to this claim at all times relevant hereto acted pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

85. As a proximate result of Defendants' unlawful conduct, Plaintiff suffered actual mental and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

86. Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

87. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42

U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, or with a reckless or wanton disregard of Plaintiff's constitutional and statutory rights.

## VII. THIRD CLAIM FOR RELIEF
### Racial Discrimination in violation of the Equal Protection clause of the Fourteenth Amendment and 42 U.S.C. § 1981
(Against Defendants Longnecker and Metz)

88. Plaintiff hereby alleges and incorporates by reference as though fully set forth herein the allegations contained above.

89. The Fourteenth Amendment to the United States Constitution states, in relevant part: "[n]o State shall… deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." 14th Amendment, U.S. Const.

90. Section 1983 of The Civil Rights Act states, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

91. Plaintiff in this action is a citizen of the United States and all Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

92. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Aurora police officers and their acts or omissions were conducted within the scope of their official duties or employment.

93. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

94. Section 1981 of the Civil Rights Act states, in pertinent part:

    "(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

95. Plaintiff, as an African American, is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially motivated arrests, seizures, and the filing of false charges.

96. Any reasonable police officer, police department, and city knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

97. Plaintiff's race was a motivating factor in the decisions to unconstitutionally seize Plaintiff's care and then maliciously prosecute Plaintiff with false charges. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and § 1981.

98. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Boateng's federally protected rights.

99. The acts and omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

100. These individual Defendants acted in concert and joint action with each other.

101. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and cause him other damages.

102. Defendants are not entitled to qualified immunity for the complained of conduct.

103. Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, police, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

104. As a proximate result of Defendants' unlawful conduct, Plaintiff suffered mental and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

105. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

106. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, or with a reckless or wanton disregard of Plaintiff's constitutional and statutory rights.

## REQUEST FOR RELIEF

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully request this Court to enter Judgment in favor of Plaintiff and against each of the Defendants and grant:

1. Compensatory and consequential damages, including damages for emotional distress, mental anguish, and humiliation on all claims allowed by law in an amount to be determined at trial;

2. Economic losses on all claims allowed by law;

3. Special damages in an amount to be determined at Trial;

4. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

5. Attorney's fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

6. Pre- and post-judgment interest at the lawful rate; and

7. Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

## PLAINTIFF REQUESTS A TRIAL BY JURY.

Respectfully submitted this 23 day of October, 2018.

*s/Kristina M. Bergsten*_____
Kristina M. Bergsten, ID # 50663
BERGSTEN LAW OFFICES
700 17th Street, Suite 1300
Denver, CO 80202
Telephone: 303-623-4000
Email: Kristina.bergsten@bergstenlaw.com
Attorney for Plaintiff,
Philip Boateng

# CERTIFICATE OF SERVICE

I hereby certify that on this 23 day of October 2018, I filed the foregoing pleading via the ECF system and served Defendants via certified mail at the address below:

Aurora Police Department
Chief Metz
Sergeant Longnecker
15001 E. Alameda Parkway,
Aurora, CO 80012

City of Aurora
ATTN: City Attorney's Office
14999 E. Alameda Parkway
Aurora, CO 80012

                                                *s/Kristina Bergsten*_____
                                                Kristina M. Bergsten, ID # 50663
                                                BERGSTEN LAW OFFICES
                                                700 17th Street, Suite 1300
                                                Denver, CO 80202
                                                Telephone: 303-623-4000
                                                Email: Kristina.bergsten@bergstenlaw.com
                                                Attorney for Plaintiff,
                                                Philip Boateng